IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUGUST IMAGE, LLC, | ) |
| Plaintiff, | ) Case No.: |
| v. | ) |
| STYLE OF SPORT, LLC, | ) |
| Defendant, | ) |

**COMPLAINT AND JURY DEMAND**

The plaintiff August Image, LLC ("Plaintiff"), by its undersigned attorney, R. Terry Parker, Esq., for its Complaint against the defendant Style of Sport, LLC ("Defendant"), alleges as follows:

**SUBSTANCE OF THE ACTION**

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

**PARTIES**

2. Plaintiff is a New York corporation with a principal place of business at 22 West 23rd Street, 3rd Floor, New York, New York 10010.

3. Upon information and belief, Defendant is a limited liability company organized under the laws of New York and may be served at 419 Park Avenue South, New York, New York, 10016.

1

**JURISDICTION AND VENUE**

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

**A.      Plaintiff's Business**

7. Plaintiff is a boutique agency offering a uniquely creative caliber of photography from its full-service, rights managed collection. Plaintiff is the exclusive representative for an elite group of creative and innovative contemporary photographers specializing in celebrity and fashion photography and video. On behalf of its award-winning photographers, Plaintiff licenses photographic works from its catalogue of high caliber work to third parties for various purposes, including editorial, advertising, corporate, and non-profit purposes. In short, Plaintiff takes care of the business of monetizing the works of its photographers so that the photographers can take care of the business of creating award winning works.

8. Plaintiff serves as the exclusive licensing agent for the celebrated photographer Andrew Eccles.

9. Andrew Eccles is the sole author of the following photograph:



10. Mr. Eccles has obtained a certificate of registration from the United States Copyright Office, Reg. No. VA 2-399-874 for the copyrights in and to the Copyrighted Works.

11. Plaintiff serves as the exclusive licensing agent for the celebrated photographers known as Williams & Hirakawa.

12. Williams & Hirakawa is the sole author of the following photograph:



13. Williams & Hirakawa has obtained a certificate of registration from the United States Copyright Office, Reg. No. VA 2-150-132 for the copyrights in and to the Copyrighted Works.

14. The photographs depicted in paragraphs 9 and 12 above are hereinafter referred to as the Copyrighted Works.

15. The photographers Williams & Hirakawa and Andrew Eccles are referred to herein as the "Photographers."

16. The Copyright Works are original works of authorship.

17. The Photographers have both granted exclusive licenses to Plaintiff of all copyrights in and to the Copyrighted Works.

18. Plaintiff is, and has been at all relevant times, the beneficial owner as exclusive licensee of the copyrights in and to the Copyrighted Works.

19. Plaintiff licenses the Copyrighted Works for professional applications

including editorial, advertising, corporate and non-profit use.

**B.      Defendant's Unlawful Activities**

20.     In or about January of 2024, Plaintiff discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Works.

21.     Specifically, Plaintiff discovered the Copyrighted Works being reproduced, distributed, used in the creation of derivative works, and publicly displayed, without Plaintiff's authorization at the website www.styleofsport.com ("Infringing Website"), a copy of the screenshot of which is depicted here:





22. Upon information and belief, Defendant owns and operates and is directly responsible for the content at the Infringing Website.

23. Upon information and belief, Defendant needed a glamorous photograph of famous women in sport to promote and advertise its goods and service.

24. Upon information and belief, Defendant or someone acting on its behalf, searched the internet and located the Copyrighted Works and, without authorization from Plaintiff, downloaded the Copyrighted Works to computer systems owned or operated by Defendant, and then used the Copyrighted Works in the creation of webpages for the commercial purpose of selling Defendant's services, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating unlawful derivative works, and publicly displaying the Copyrighted Works.

25. Defendant is thus directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Works within the last three

years.

26. Defendant's reproduction, distribution, derivation, and public display of the Copyrighted Works are without Plaintiff's authorization.

27. On January 5, 2024, Plaintiff caused a cease-and-desist letter to be sent to Defendant, notifying Defendant of its infringing conduct and demanding a licensing fee for Defendant's use of the Copyrighted Works. Further correspondence was sent to Defendant in January and March of 2024. Despite these notifications, Defendant continued its infringing conduct. Indeed, to this day Defendant continues to infringe the Copyrighted Works.

28. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Works are knowing and willful or in reckless disregard of Plaintiff's copyrights in that Defendant, a media business familiar with copyright law and the need to seek a license for the use of the Copyrighted Works, knew it did not have permission to use Plaintiff's Copyrighted Works and deliberately did so anyway.

29. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Works are knowing and willful or in reckless disregard of Plaintiff's copyrights in that Defendant has extensive experience with copyright ownership and claims to own the copyrights to the content found at Defendant's website, including Plaintiff's Copyrighted Works, by placing the notification "© 2024, STYLE OF SPORT" on its website.

30. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Works are knowing and willful or in reckless disregard of Plaintiff's copyrights in that Defendant failed to educate the employee or employees responsible for these infringements as to the requirements of the copyright laws to obtain

permission to copy, reproduce, publicly display and created a webpages derived from the Copyrighted Works.

31. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Works are knowing and willful or in reckless disregard of Plaintiff's copyrights in that Defendant was willfully blind to the risk of infringement by allowing its writers and editors to post the Copyrighted Works on Defendant's website without verifying the authorization for the use of the Copyrighted Works.

32. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Works are knowing and willful or in reckless disregard of Plaintiff's copyrights in that Defendant was notified on numerous occasions of its infringing conduct and continued its infringing conduct after such notice.

## CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *et seq*.)

33. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

34. The Copyrighted Works are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

35. As exclusive licensee, Plaintiff owns, and has owned at all relevant times, sufficient rights, title and interest in and to the copyrights in the Copyrighted Works to bring suit.

36. Upon information and belief, as a result of Plaintiff's licensing and public display of the Copyrighted Works to others, Defendant had access to the Copyrighted Works prior to the creation of the Infringing Website.

37. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, using in the creation of an unlawful derivative works, and publicly displaying the Copyrighted Works at the infringing website.

38. Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

39. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Works, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Works without paying license fees, in an amount to be proven at trial.

40. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Works, which amounts will be proven at trial.

41. In the alternative, and at Plaintiff's election, to the extent allowed by 17 U.S.C. § 412, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § § 504(c), in the amount of $150,000 for each Copyrighted Work with respect to the infringing reproduction, distribution, use in derivative work(s), or public display of the Copyrighted Works, or such other amounts as may be proper under 17 U.S.C. § 504(c).

42. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Works, or any portion or derivation of the Copyrighted Works;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement pursuant to the Copyright Act;

6. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505 for each instance of copyright infringement;

7. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or

continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's or to participate or assist in any such activity; and

9. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 2, 2024

                                            Respectfully submitted,

                                            /s/ *R. Terry Parker*
                                            R. Terry Parker, Esquire (BBO No. 569008)
                                            Law Office of R. Terry Parker
                                            43 West 43rd Street, Suite 275
                                            New York, New York 10036-7424
                                            Telephone: (212) 859-5068
                                            Email: terry@rterryparkerlaw.com

                                            *Attorney for Plaintiff*
                                            *August Image, LLC*